UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

FILED
08/01/2024
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

MICHAEL ORR,
  Plaintiff,

vs.

SARAH CLARKE, et al,
  Defendant,

Case No.: 2:24-cv-386-MPB-MKK
(TO BE SUPPLIED BY THE CLERK)

(Enter above the full name of the Defendant(s) in this action.)

DEMAND FOR TRIAL BY JURY

## COMPLAINT

### I. PARTIES

The names and addresses of each plaintiff and defendant are as follows:

A. Plaintiff:

Name Michael Orr ("I," "me," or sometimes "my")
Identification Number 133175
Address Wabash Valley Correctional Facility, 6908 S. Old US Highway 41, Carlisle, IN 47838 ("WVS").

B. Defendant(s)

Name Sarah Clarke ("Clarke")
Title Mental Health Counselor
Address WVS, as well as, the Secured Confinement Unit ("SCU")

Name Centurion Health of Indiana, LLC ("Centurion")
Title Private Indiana Company
Address 550 N. Meridian Street, 1st Floor, Indianapolis, IN 46204

1

BK3

3. Name: Mary Sims ("Dr. Sims")
   Title: Lead Psychologist
   Address: WVCF, SCU, employed by Centurion.

4. Name: Frank Vanihel ("Vanihel")
   Title: Warden at WVCF
   Address: WVCF, SCU.

5. Name: Shawn Holcomb ("Holcomb")
   Title: Correctional Lieutenant
   Address: WVCF, SCU.

6. Name: Christopher Simmerman ("Simmerman")
   Title: Correctional Sergeant
   Address: WVCF, SCU.

7. Name: Mr. Reed ("Reed")
   Title: Correctional Officer
   Address: WVCF, SCU.

8. Name: Chistina Reagle ("Reagle")
   Title: Commissioner of the Indiana Department of Corrections ("IDOC")
   Address: IDOC, I.G.C.S., 5th Floor, 302 W. Washington St., Indianapolis, IN 46204.

9. Each Defendant is sued in their individual and official capacity. At all times mentioned in this complaint each Defendant acted under color of state law.

(Identify additional plaintiffs and defendants on a separate sheet of paper using this same outline)

## II. STATEMENT OF JURISDICTION AND PREVIOUS LAWSUITS:

Jurisdiction over this action exists in the United States District Court for the Southern District of Indiana because because its the district where the events giving rise to this civil action occurred.

If the same facts alleged or claims made in this suit have been previously presented to any other state or federal court in an earlier suit, for each such earlier suit identify the parties, the Court in which it was filed, the docket number assigned to the suit, the status of such earlier suit, (for example: pending, dismissed, set for trial, on appeal, etc.). and the nature of the disposition if the earlier case is closed.

I have not previously filed other lawsuits in state or federal court regarding the events or acts complained of in this complaint.

## III. CAUSE OF ACTION

State which of your constitutional or federal rights, privileges or immunities have been violated and summarize in one or two sentences what the defendant(s) did to violate your rights in that regard. If you are claiming that more than one of your constitutional rights were violated, use a separate paragraph (ground) for each right, privilege or immunity which was violated. If you have more than three (3) grounds, identify them in a separate attached piece of paper.

1. The monell claim against Centurion for failing to train or improperly training its employees to secure informed consent from prisoners to refuse psychiatric treatment; and, for failing to promulgate proper procedures for its employees to secure informed consent to refuse psychiatric treatment, in violation of the U.S. CONST. Amend. VIII.

2. The monell claim against Reagle and Vanihel for failing to train or improperly training its employees to secure informed consent from prisoners to refuse psychiatric treatment at the SCU, in violation of the SCU, in violation of the U.S. CONST. Amend. VIII.

3. The inadequate mental health claim against Simmerman, Reed, Clarke, and Sims for intentionally denying, delaying, or interfering with my psychotherapy session on 8/2/22, in violation of the U.S. CONST. Amend. VIII.

4. The retaliation claim against Simmerman, Reed, Clarke, and Sims for accusing me of impairment of surveillance and denying my psychotherapy session on 8/2/22 due to previous grievances I had filed against them; and, for accusing me of giving informed consent to refusing psychiatric on 8/2/22 due to previous grievances I had filed against them, in violation of the U.S. CONST. Amend. I

## IV. STATEMENT OF FACTS

State here the FACTS of your case. You should outline both the facts on which your suit is based and the particular role of each defendant in those circumstances.

1. On 8/2/22, at 10:06 A.M., when Simmerman and Reed approached my cell front to escort me to a scheduled individual treatment plan ("ITP") monthly psychotherapy session with Clarke; they asked me if I wanted to attend the ITP psychotherapy session and I said, "Yes." That is when I got out of bed, got dressed, and began brushing my teeth.

BK3

4

2. Approximately 2 minutes later, Simmerman told Reed to shut the cuff-port (on my cell door) and directed me to sign a consent to refuse psychiatric treatment form with Clarke, Simmerman, and Reed's signatures already on it indicating that I refused the ITP's monthly psychotherapy session. Simmerman said that he and Reed had other things to do and would not wait over 2 minutes for me to get dressed so I had to sign the refusal form per policy and practice.

3. After that, I pleaded with Simmerman and Reed not to refuse my ITP monthly psychotherapy session just because I was brushing my teeth. Simmerman said he do not care if I signed the refusal form or not because he will write that I refused to sign it and did not care if I filed another grievance against him either. Simmerman was referring to a previous grievance I filed against him related to a hunger strike (Grievance# 143212).

4. During this time, Clarke never arrived at my cell to explain the refusal form or to provide any information about the adverse consequences of me signing a refusal form to refuse a ITP monthly psychotherapy session; so I did not sign the form. In addition, it was suspicious how this incident occurred less than 1 (one) week after I filed a grievance appeal (Grievance# 141951) against Sims and Clarke related to deficient mental health care despite me attending each and every ITP monthly psychotherapy sessions at the SCU.

5. Next, I told Simmerman and Reed to look for a grievance against them by me for retaliation. Simmerman and Reed left my cell front and later submitted a false conduct report against me for impairment of surveillance (Case No. WVS 22-08-0007).

5

6. On this day, Holcomb knowingly and willingly participated in retaliation against me, or at least failed to stop Simmerman and Reed from preparing false statements in the conduct report stating that sheets were covering my cell front so I could not be seen and subsequently was unresponsive to orders to be restrained to attend the ITP monthly psychotherapy session.

7. Also, on this day, Holcomb personally signed the conduct report (Case No. WVS 22-08-0007) and attested to the truth of the incident in the conduct report but then 17 days later totally contradicted the statements in the conduct report.

8. Specifically, on 8/19/22, during the grievance investigation, Holcomb said I was offered a therapy session and accepted it on 8/2/22. I moved an item from the cell door so that I could be observed. Simmerman advised me that he and Reed had other things to do and would not wait for an extended time. I did not respond and ignored Simmerman. Simmerman then went to the next offender on the count letter.

9. At all times relevant to this complaint, I am and was aware of numerous other prisoners at the SCU grieving Vanihel and Holcomb for allowing custody staff to outright deny mentally ill prisoners monthly therapy sessions by writing that an inmate consented to refuse treatment and then "refused to sign" the consent form.

10. At all times relevant to this complaint, I am and was aware of numerous other prisoners at the SCU grieving Centurion, Sims, and Clarke for consistently refusing to get informed consent from prisoners at the SCU to refuse monthly therapy sessions.

6

11. At all times relevant to this complaint, Reagle and Vanihel employed a practice of using classification count letters for prisoners ITP monthly psychotherapy sessions at the SCU where prisoners are escorted by custody staff who had discretion to cancel said monthly psychotherapy sessions for various reasons using a consent to refuse psychiatric treatment form without containing actual consent by the prisoners. This unconstitutional policy or practice causes refusal forms to be knowingly and intentionally transmitted to mental health staff containing false and/or fraudulent information by the escorting staff that the prisoner "refused to sign" the refusal form without substantive due process or input by the prisoner.

12. During this time, Clarke often signed the refusal forms before-the-fact and relied on the escorting custody staff's word afterwards that the prisoner "refused to sign" the refusal form was an informed consent, resulting in the consent given by Sims and Clarke not being knowing or voluntary.

13. Centurion had no standardized procedures or guidance for its mental health staff to determine whether there were any issues with the reliability of the prisoner's "refusal to sign" the consent to refuse psychiatric treatment form. This lack of policy was a moving force behind the denial of my substantive due process rights and adequate mental health treatment.

14. Sims and Clarke did not base their treatment decisions on professional judgment.

15. I suffered stress as a result of being denied my psychotherapy session on 8/2/22.

7

## V. RELIEF

State exactly what relief or action you are requesting through this lawsuit.

1. Granting me compensatory damages to be paid jointly and severally in the amount of $400,000.00 (FOUR HUNDRED THOUSAND DOLLARS) against each Defendant;

2. Granting me punitive damages to be paid jointly and severally in the amount of $300,000.00 (THREE HUNDRED THOUSAND DOLLARS) against each Defendant;

3. I am seeking a jury trial on issues triable by a jury;

4. I am seeking recovery of my costs in this this civil action;

5. I am seeking any additional relief this Court deems just, proper, and equitable.

### AFFIRMATION OF PLAINTIFF

I, the plaintiff in the aforementioned cause, do affirm that I have read all of the statements contained in this complaint and that I believe them to be true and correct to the best of my personal knowledge and belief.

Signed this __23__ day of __July__, 20__24__.

Plaintiff / Pro se
Michael Orr, IDOC#133175